OLSON et al., Appellants, v. MILES, Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by John Olson and another against Laura M. Miles. No opinion. Judgment and orders affirmed, with costs.

---

OPPENHEIM v. THANASOULI. (Supreme Court, Appellate Division, First Department. December 6, 1907.) Action by William Oppenheim against A. Thanasouli. No opinion. Motion granted, without costs. Settle order on notice.

---

OPPENHEIMER, Respondent, v. ABRAHAM, Appellant. (Supreme Court, Appellate Division, Second Department. November 22, 1907.) Action by Elias Oppenheimer against Albert Abraham. No opinion. Judgment and order unanimously affirmed, with costs.

---

OPPENHEIMER, Respondent, v. ABRAHAM, Appellant. (Supreme Court, Appellate Division, Second Department. December 6, 1907.) Action by Elias Oppenheimer against Albert Abraham. No opinion. Motion denied.

---

O'REILLY, Appellant, v. NEW YORK LIFE INS. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 6, 1907.) Action by Denis T. O'Reilly against the New York Life Insurance Company. No opinion. Judgment affirmed, with costs.

---

O'SHEA et al., Respondents, v. MORITZ, Appellant. (Supreme Court, Appellate Division, Second Department. November 22, 1907.) Action by Walter L. O'Shea and another against Isaac Moritz. No opinion. Motion to require Justice Rosenthal to make a return on appeal granted. See memorandum in Moellhausen v. Lipschitz (filed herewith) 107 N. Y. Supp. 1137.

---

PARSONS et al., Appellants, v. GARDNER et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. December 6, 1907.) Action by Henry H. Parsons and another, as receivers, etc., against William H. Gardner and others. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs.

---

PATURZO, Respondent, v. VERONE et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by Antonio Paturzo against Matteo Verone and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

PAULUS, Respondent, v. HORTON, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by John J. Paulus against George K. Horton. No opinion. Judgment of the County Court of Dutchess county affirmed, without costs.

---

PECK v. PECK. (Supreme Court, Appellate Division, First Department. January 17, 1908.) Action by Samuel W. Peck against Josephine Peck. No opinion. Motion denied, with $10 costs. Order filed.

---

PEELER, Respondent, v. INTERNATIONAL RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 27, 1907.) Action by Mary Peeler against the International Railway Company.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide the event.

ROBSON, J., dissents.

---

PEOPLE v. ACKRON. (Supreme Court, Appellate Division, First Department. December 13, 1907.) Proceedings by the people of the state of New York against Charles E. Ackron. No opinion. Motion denied, on condition that appellant be ready for February term. Order filed.

---

PEOPLE, Respondent, v. CHRISTIAN, Appellant. (Supreme Court, Appellate Division, First Department. December 20, 1907.) Appeal from Court of Special Sessions. Eugene Christian was convicted of unlawfully practicing medicine, and appeals. Reversed. Gardenheier & Wetmore (Samuel M. Gardenheier of counsel), for appellant. Wm. Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for respondent.

PER CURIAM. The information accused the defendant of the crime of practicing medicine without lawful authorization and registration. We have carefully examined the record in this case, and have reached the conclusion that upon the facts presented the defendant had not committed the crime charged. In People v. Allcutt, 117 App. Div. 546, 102 N. Y. Supp. 678 (affirmed 189 N. Y. —, 81 N. E. 1171), this court said: "It may be difficult by a precise definition to draw the line between where nursing ends and the practice of medicine begins, and the court should not attempt, in construing this statute, to lay down in any case a hard and fast rule upon the subject, as the courts have never undertaken to mark the limits of the police power of the state or to precisely define what constitutes fraud. What the courts have done is to say that given legislation was or was not within the limits of the police power or that certain actions were or were not fraudulent." We thereupon proceeded to review all of the facts in that case, and drew the conclusion therefrom that Allcutt came within the purview of the statute prohibiting the practice of medicine without being lawfully authorized and registered, and sustained the conviction. In the case at bar the learned district attorney has collated certain of the facts which were similar to those presented in the Allcutt Case, and upon them urges that the judgment should be affirmed. But there were other facts of great importance to the conclusion reached in the Allcutt Case not present here. It would serve no useful purpose to set forth the evidence, because, as we have said, the court declines to lay down a hard and fast rule in such cases. As upon the whole case we find that no crime was committed and that